GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ROBERT A. GOODIN, State Bar No. 061302
(rgoodin@goodinmacbride.com)
WAYNE T. LAMPREY, State Bar No. 095408
(wlamprey@goodinmacbride.com)
FRANCINE T. RADFORD, State Bar No. 168269
(fradford@goodinmacbride.com)
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone:   (415) 392-7900
Facsimile:   (415) 398-4321

HULETT HARPER STEWART LLP
KIRK B. HULETT, State Bar No. 110726
(kbh@hulettharper.com)
SARAH P. WEBER, State Bar No. 239979
(sweber@hulettharper.com)
550 West C Street, Suite 1600
San Diego, California 92101
Telephone:   (619) 338-1133
Facsimile:   (619) 338-1139

Attorneys for Plaintiff Jerry Jamgotchian

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY JAMGOTCHIAN, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SCIENTIFIC GAMES CORPORATION, a Delaware Corporation; SCIENTIFIC GAMES RACING, LLC, a Delaware limited liability company; SCIENTIFIC GAMES INTERNATIONAL, a Delaware corporation; and DOES 1 through 10,<br><br>Scientific Games. | Case No. CV08-05121 ODW (Ex)<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>1. Breach of Contract<br>2. Unjust Enrichment<br>3. Negligent Misrepresentation<br>4. Fraud<br>5. Negligence<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Jerry Jamgotchian individually and on behalf of all others similarly situated (hereinafter "Plaintiff"), hereby complains and alleges on information and belief as follows:

## I.

## INTRODUCTION

1. This case arises out of the offering and accepting of legal racing wagers placed through the use of a computerized "pari-mutuel" betting system developed and operated by defendants Scientific Games Corporation; Scientific Games Racing, LLC; and Scientific Games International (collectively, "Scientific Games" or "Defendants"), known as "Quick Picks" which are represented by Scientific Games to provide randomly selected multi-horse race wagers

2. Scientific Games represents that its computerized pari-mutuel betting system provides "high speed processing of wagers . . . over secure, high-speed communication channels," and "includes the supply of transaction-processing software, wagering terminals, central site computers and communication hardware, and on-going operational support and maintenance services." Scientific Games operates its "central site computers" at two "special purpose enterprise-level computing data centers," located in California and New Jersey. On information and belief, Scientific Games' revenue from pari-mutuel wagering in the United States comes from race tracks and other licensed operators located in California, New York, Connecticut, New Jersey, Pennsylvania, Louisiana, Michigan, Maryland, Delaware, Ohio, Texas, Indiana, Iowa, and Wisconsin (the "Class States"). Scientific Games also has an agreement with Connecticut to operate substantially all off-track pari-mutuel wagering there.

3. Scientific Games receives a percentage of the total pari-mutuel bets placed by consumers at tracks and facilities with which Scientific Games contracts in exchange for providing and operating the computerized betting system.

4. The "Quick-Pick" service offered by Scientific Games is used by bettors who wish to place randomized multi-entrant wagers such as the "Superfecta," in reliance on Scientific Games' representation that its "Quick Pick" software will randomly select horses from the entire field for the race in question. The named Plaintiff made numerous Quick-Pick wagers

1

CLASS ACTION COMPLAINT

using Scientific Games' computerized betting system over the period beginning prior to July, 2007, and continuing through at least June 2, 2008, at various race tracks in California.

5.   On or about May 3, 2008, on information and belief, numerous class members placed "Superfecta" bets on the Kentucky Derby race, using the Quick-Pick feature of Scientific Games' computerized betting system at various race tracks throughout the United States.

6.   There were twenty horses in the Kentucky Derby field. The winner of the 2008 Kentucky Derby, "Big Brown," was the number "20" horse. On information and belief, although numerous class members purchased "Superfecta" tickets for the Kentucky Derby using the allegedly random Quick-Pick service, *none* of the tickets had the number "20" horse listed. On information and belief, a group of friends pooled their funds and together purchased 1300 Quick-Pick tickets for the Kentucky Derby at the Bay Meadows Race Track in California. Not *one* of those 1300 tickets included the number "20" horse, the eventual winner, "Big Brown." Statistically, it is virtually impossible that the number "20" would not have appeared on at least one of the 1300 tickets, if the horses and numbers had been selected randomly from the entire field of horses in the race. Indeed, if the Quick-Pick software and related computer system had operated as represented, the number 20 should have appeared on hundreds of the 1300 purportedly randomized tickets.

7.   In May 2008, after suspicions were raised by certain consumers about the failure of the Quick-Pick software and Scientific Games computerized betting system in the Kentucky Derby, California Horse Racing Officials made inquiry into the randomized wagering system. According to Richard Smith of the California Horse Racing Board ("CHRB"), Scientific Games admitted that there was a systematic failure of the randomized feature of its Quick-Pick software program, and that Scientific Games had known about the programming error since at least as early as October 30, 2007. On information and belief, Scientific Games first admitted that it had long known of the Quick-Pick software failure in May 2008 in a letter it delivered to the CHRB.

8.   On information and belief, the program failures were not limited to Quick-Pick wagers placed on the Kentucky Derby. On information and belief, the Quick-Pick software

program regularly excluded from selection the last numbered horse in any given race for Quick-Pick bets placed using Scientific Games' system and "BetJet" terminals throughout the United States, and this defect persisted for an undetermined period commencing at least as early as October 2007 and continuing until at least May 2008. Not only did Plaintiffs not receive the randomized bet Scientific Games represented its Quick-Pick service and system would provide, Tom Hodgkins, a Scientific Games Vice President, has admitted that, if the high-numbered entrant was amongst the winners (as was the case in the 2008 Kentucky Derby), a purchaser of a Quick Pick wager <u>stood no chance of winning</u>.

9. Despite knowing of the material and systemic failings of its Quick-Pick system since at least October 2007, Scientific Games elected not to notify race tracks and consumers that the Quick-Pick software was not performing as represented, or that by placing a bet through its system, these consumers were not receiving what Scientific Games had promised to provide, i.e., a fully and fairly randomized bet. Instead of notifying Plaintiffs and others that Quick-Pick was not performing as represented, or ceasing operation of the system and related betting until the system-wide failure was fixed, Scientific Games continued to accept bets and money, and kept Plaintiffs, race tracks and government officials in the dark about this system-wide failure. On information and belief, Scientific Games only ceased operation of the Quick-Pick system on or about June 2, 2008, after the problem had come to light by the efforts of Plaintiff and the CHRB, which ordered Scientific Games to immediately stop accepting Quick-Pick bets at all California state wagering facilities and race tracks.

10. On approximately July 10, 2008, the CHRB announced that it had reached an agreement with Scientific Games pursuant to which Scientific Games would, among other things, make a voluntary of payment of $150,000 to charities benefiting horse-racing related causes, and pay refunds to people who placed Quick-Pick bets at BetJet terminals in California between July 1, 2007, and June 2, 2008, if the individual could establish that he or she placed the bet by means of "legitimate proof, including but not limited to a ticket stub." The CHRB also agreed immediately to renew Scientific Games' license for one year. On information and belief, the agreement did not require notice of any kind to damaged California residents; provided no

3

CLASS ACTION COMPLAINT

relief to individuals who did not place their Quick-Pick bets in California; provided no relief to California betters who do not have their ticket stubs from Quick-Pick bets they placed or other "legitimate proof;" did not include any penalty for Scientific Games' decision to continue to offer the Quick-Pick service even after Scientific Games was aware of the systemic failure involved; and allowed Scientific Games to retain all monies it received during the period the system failed to provide randomized Quick-Pick wagers on the entire field as represented.

## II.

## PARTIES

11.  Plaintiff Jerry Jamgotchian ("Plaintiff" or "Jamgotchian") is an individual who at all times herein relevant hereto resided, and continues to reside in the State of California, County of Los Angeles. Plaintiff has placed numerous purportedly randomized Quick-Pick wagers on races during the class period at BetJet terminals using Scientific Games computerized system. On information and belief, none of those supposedly randomized wagers included the highest numbered horse in the race in question.

12.  Defendant Scientific Games Corporation is a Delaware corporation, authorized to do business and doing business in the State of California and County of Los Angeles in particular. Scientific Games' listed headquarters and principal place of business is New York, New York.

13.  Defendant Scientific Games Racing, LLC is a Delaware limited liability company and a subsidiary of Scientific Games Corporation, with its principal place of business in Georgia, and is authorized to do business and doing business in the State of California and County of Los Angeles in particular.

14.  Defendant Scientific Games International, Inc. is a Delaware corporation, and a subsidiary of Scientific Games Corporation, with its principal place of business in Georgia, and is authorized to do business and doing business in the State of California and County of Los Angeles in particular.

15.  According to its 2007 Annual Report, Scientific Games is "[A] leading worldwide provider of high volume, real-time transaction processing pari-mutuel wagering

4

CLASS ACTION COMPLAINT

systems to licensed pari-mutuel operators." According to Scientific Games, "In pari-mutuel wagering, individuals bet against each other on horse races . . . and other events. Pari-mutuel wagering patrons place specific types of wagers (e.g., on a specified horse to win) and a patron's winnings are determined by dividing the total amount wagered, less a set commission, among the winners."

16. According to its annual reports, Scientific Games has contracts to provide its pari-mutuel systems and services to consumers in the following states: California, New York, Connecticut, New Jersey, Pennsylvania, Louisiana, Michigan, Maryland, Delaware, Ohio, Texas, Indiana, Iowa, and Wisconsin (the "Class States"). Scientific Games also has an agreement with Connecticut to operate substantially all off-track pari-mutuel wagering there.

17. On information and belief, at all relevant times, each of the defendants was the agent, servant, and representative of the other defendants, and in doing the things alleged herein, was acting within the course and scope of that relationship and with the knowledge and authorization of the other defendants. The defendants and each of them further conspired together and aided and abetted in carrying out the conduct alleged herein, including the continued offering of Quick-Pick betting through the BetJet terminals and related computer system even after Scientific Games became aware the system failed to perform as represented.

18. The true names and capacities of defendants sued herein as Does 1 through 10 are presently unknown to Plaintiff. Plaintiff will amend this complaint to allege these defendants' true names and capacities when they are discovered.

### III.

### JURISDICTION AND VENUE

19. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiff is informed and believe that he and the class are entitled to recover an amount greater than five-million dollars ($5,000,000). Because the action seeks in excess of $5,000,000 in requested relief, is a class action, and there is at least one defendant that is a citizen of a different state than the Plaintiff, federal jurisdiction is conferred pursuant to 28 U.S.C. § 1332(d)(2).

20. Venue in this District is appropriate because Jamgotchian is a California resident and a substantial part of the events that gave rise to the claims asserted occurred in this District. Furthermore, Scientific Games at all times herein relevant conducted and continues to conduct business in numerous counties in the State of California, and has minimum contacts with California, and the Central District of California, by advertising and conducting transactions therein, sufficient to subject it to jurisdiction in California, and the Central District of California, if that District were viewed as a separate state pursuant to 28 U.S.C. § 1391(c). Venue in this District is proper pursuant to 1391(a) and (c).

## IV.

## CLASS ALLEGATIONS

21. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 18 above, as if set forth at this point.

22. Plaintiff brings this Complaint as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure on behalf of all persons who purchased one or more purportedly randomized wagers through use of the Quick-Pick feature of Scientific Games' computerized wagering system in one of the Class States, during the period from July 1, 2007 until June 2, 2008 (the "Class Period").

23. During the Class Period, plaintiff and class members placed purportedly randomized "Superfecta" wagers using the Quick-Pick service from BetJet and other terminals operated by Scientific Games. None of the Quick-Pick tickets generated by Scientific Games' computerized pari-mutuel wagering system during the Class Period included the highest numbered horse in the race. As in the 2008 Kentucky Derby, the failure to include the highest numbered horse on any ticket was not a result of a fair randomization of the bets, but was caused by the failure of the Quick-Pick software to include the highest numbered horse in the pool of horses from which horses or numbers were selected.

24. In deciding to purchase the wager tickets, Plaintiff and other class members reasonably relied on Scientific Games' representations that its Quick-Pick software and service randomized the selection of the betting options and would necessarily include as part of the

6

process, all of the horses in the race, not just most of them. Eliminating the highest numbered horse from multi-horse possible ticket combinations in the Kentucky Derby and other races during the class period meant that Scientific Games was selling Quick-Pick tickets which did not conform to Scientific Games' representations and Plaintiff's reasonable expectations.

25. The members of the class are so numerous that separate joinder of each member is impractical. It is estimated that the number of class members exceeds 1,000. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. Furthermore, the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications and would necessarily be dispositive of claims owned by non-party class members. The proposed class herein shall be defined as:

> All persons, excluding Scientific Games and any of its executives or employees, who bought "Quick-Pick" wagering tickets through Scientific Games' computerized pari-mutuel wagering system during the Class Period in one of the Class States.

26. The claims of the representative Plaintiff raise questions of law and fact that are common to questions of law and fact raised by the claims of each member of the class.

27. The claims of the representative Plaintiff are typical of the claims of each member of the class.

28. The questions of law or fact common to the claims of the representative Plaintiff and the claims of each member of the class predominate over any questions of law or fact affecting individual members of the class. Class representation is superior to other available methods for the fair and efficient adjudication of this controversy.

29. Questions of law and/or fact that are common to the claims include but are not limited to:

(a) Whether Scientific Games' Quick-Pick software and system omitted from its computerized random selection process the number of one or more entrants when issuing wager tickets.

(b) Whether Scientific Games knew or should have known the Quick-Pick software and service failed to include all entrants as options in its alleged randomized pick process.

(c) Whether Plaintiff and the Class have been damaged.

(d) Whether Scientific Games has been unjustly enriched by failing to deliver, as it promised, a randomized wager.

30. Plaintiff's claims are typical of the claims of the class in that the claims of all members of the class result from Scientific Games' unlawful practice of failing to randomize wager tickets sold to consumers who placed bets using the Quick-Pick service. There is no conflict between the representative Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

31. The Class includes residents of the Class States, of which a large percentage are geographically located in the State of California.

32. The named Plaintiff is the representative party for the class and is able to and will fairly and adequately protect the interests of the class.

## COUNT I

### Breach Of Contract

33. The preceding allegations of paragraphs 1-32 are re-alleged and incorporated by reference as if fully set forth herein.

34. Count I is brought on behalf of all persons and entities throughout the United States who purchased Quick-Pick tickets through use of Scientific Games' computerized pari-mutuel betting system during the Class Period in one of the Class States.

35. Plaintiff and the members of the Class entered into agreements with Scientific Games whereby Scientific Games offered and represented that it would provide a randomized selection of all runners among a field of competing entrants (including all entrants in the field), and Plaintiff and the Class agreed to purchase a purportedly randomly selected ticket.

36. Scientific Games charged, and Plaintiff and the members of the Class paid for allegedly randomized race order wager tickets.

37. Plaintiff and the members of the Class performed all of their obligations under the contracts with Scientific Games.

38. Scientific Games breached its contracts with Plaintiff and the members of

8

the Class by failing to deliver randomized race order wager tickets as promised.

39. Plaintiff and the members of the Class have been proximately damaged by Scientific Games' breaches. Plaintiff and the members of the Class seek as an alternative remedy rescission of their contracts, and a refund of the amounts they paid for the purportedly randomized wager tickets.

## COUNT II

### Unjust Enrichment

40. Plaintiff incorporates by reference and re-alleges paragraphs 1-32 of this Complaint as if fully set forth herein.

41. Scientific Games caused Plaintiff and the other members of the Class to place race wagers using the Quick-Pick software and system which Scientific Games knew, or should have known, did not produce randomized selections from the entire field of runners in races as represented. By receiving and retaining the payments alleged herein, knowing or having reason to know that the Quick-Pick software and system was not operating as represented, Scientific Games has unjustly profited from its breaches of contract and misrepresentations to Plaintiff and the other members of the Class. Thus, a benefit was conferred upon Scientific Games by Plaintiff and the other members of the Class.

42. By receiving and retaining the payments alleged herein, Scientific Games has unjustly profited from the sale of purportedly fairly randomized pari-mutuel wager tickets.

## COUNT III

### Negligent Misrepresentation

43. Plaintiff incorporates by reference and re-alleges paragraphs 1-32 of this Complaint as if fully set forth herein

44. At all times herein mentioned, Scientific Games was engaged in distributing for sale Quick-Pick randomized race tickets to the public.

45. Throughout the Class Period, Scientific Games represented to the public, including Plaintiff, by means of advertisements, that consumers could place wagers on purportedly randomly selected entrants (selected from the entire field of entrants) using Quick-Pick software

9

CLASS ACTION COMPLAINT

1  and Scientific Games' computerized pari-mutuel betting system.

2  46.  Scientific Games' representations were untrue in that the Quick-Pick software and related computer system suffered from a critical design defect in that it was programmed in such a way as to eliminate from the randomized selection process one or more of the entrants in a race.

47.  Scientific Games made the representations herein alleged with the intention of inducing the public to purchase Quick-Pick tickets.

48.  At the time Scientific Games made the misrepresentations herein alleged, Scientific Games had no reasonable grounds for believing the representations to be true.

49.  As a proximate result of Scientific Games' negligent misrepresentations, Plaintiff was induced to purchase Quick-Pick tickets that did not conform to Scientific Games' representations, and was damaged thereby.

## COUNT IV

### Fraud

50.  Plaintiff incorporates by reference and re-alleges paragraphs 1-32 of this Complaint as if fully set forth herein

51.  Throughout the Class Period, Scientific Games represented to the public, including Plaintiff, by means of advertisements, that consumers could place wagers on purportedly randomly selected entrants (selected from the entire field of entrants) using Quick-Pick software and Scientific Games' computerized pari-mutuel betting system.

52.  The representations made by Scientific Games were in fact false. The true facts were that the Quick-Pick software and related computer system suffered from a critical system design defect in that it was programmed in such a way as to eliminate from the randomized selection process one or more of the entrants in a race.

53.  Plaintiff is informed and believes and based thereon alleges that when Scientific Games made these representations, it knew them to be false and made these representations with the intention to deceive the public to induce members of the class to act in reliance on these representations in the manner hereafter alleged, or with the expectation that they

10

CLASS ACTION COMPLAINT

would so act.

54. Plaintiff, at the time these representations were made by Scientific Games and at the time Plaintiff took the actions alleged in this complaint, was ignorant of the falsity of Scientific Games' representations and believed them to be true. In reliance on these representations, Plaintiff was induced to and did purchase Quick-Pick tickets. Had Plaintiff known the actual facts, he would not have purchased the Quick-Pick tickets. Plaintiff's reliance on Scientific Games' false representations was justified.

55. As a proximate result of the fraudulent conduct of Scientific Games as alleged in this complaint, Plaintiff was induced to spend money on defective Quick-Pick tickets and was damaged thereby.

56. The plaintiff is informed and believes, and based thereon, alleges the conduct of Scientific Games was an intentional misrepresentation, deceit, or concealment of a material fact known to Scientific Games with the intention of depriving Plaintiff of property, and was despicable conduct that subjected Plaintiff to unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## COUNT V

### Negligence

57. Plaintiff incorporates by reference and re-alleges paragraphs 1-32 of this Complaint as if fully set forth herein

58. Scientific Games owed a duty of care to Plaintiff and the Class to take reasonable steps to ensure that the Quick-Pick software and related computer system fairly randomized multi-entrant wagers, and to make accurate representations concerning how the Quick-Pick system functioned, which Scientific Games breached, damaging Plaintiff and the class thereby.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief and judgment, against the Defendants, and each of them, as follows:

A. Determining that this action is a proper class action and certifying Plaintiff

as the Class representatives and Plaintiffs' counsel as Class Counsel;

      B.     For compensatory and other damages sustained by Plaintiffs and all Class members, and other relief including rescission, as a result of Scientific Games' wrongdoing, in an amount to be proven at trial, including interest thereon;

      C.     For return, forfeiture and/or disgorgement of all sums in which Scientific Games was unjustly enriched;

      D.     For an accounting of all Quick-Pick wagers placed during the Class Period, and all sums received by Scientific Games pursuant to contracts to provide computerized pari-mutuel wagering services in the Class States for providing such services during the Class Period;

      E.     For injunctive, provisional and ancillary relief, including imposition of a constructive trust for the amount of payments received by Scientific Games from the Class;

      F.     Awarding Plaintiff and the other members of the Class their reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees; and

      G.     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: August 5, 2008

GOODIN, MACBRIDE, SQUERI,
DAY & LAMPREY, LLP
Robert A. Goodin
Wayne T. Lamprey
Francine T. Radford

By _____
      Wayne T. Lamprey

HULETT HARPER STEWART LLP
Kirk B. Hulett
Sarah P. Weber
550 West C Street, Suite 1600
San Diego, CA  92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139

Attorneys for Plaintiff, Jerry Jamgotchian

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

**CV08- 5121 ODW (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY JAMGOTCHIAN, Individually and on Behalf of all Others Similarly Situated, <br><br> PLAINTIFF(S) <br><br> v. <br><br> SCIENTIFIC GAMES CORPORATION, a Delaware Corporation; SCIENTIFIC GAMES RACING, LLC, a Delaware limited liability company; SCIENTIFIC GAMES INTERNATIONAL, a Delaware Corporation; and DOES 1 through 10, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV08-05121 ODW (Ex) <br><br><br> SUMMONS |

TO: DEFENDANT(S): Scientific Games Corporation; Scientific Games Racing, LLC;
Scientific Games International

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Goodin, MacBride, Squeri, Day & Lamprey, LLP , whose address is 505 Sansome Street, Suite 900, San Francisco, California 94111 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __AUG - 5 2008__   By: _____
Clerk, U.S. District Court
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

JERRY JAMGOTCHIAN, Individually and on Behalf of all Others Similarly Situated

**DEFENDANTS**

SCIENTIFIC GAMES CORPORATION, a Delaware Corporation; SCIENTIFIC GAMES RACING, LLC, a Delaware limited liability company; SCIENTIFIC GAMES INTERNATIONAL, a Delaware corporation; and DOES 1 through 10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
505 Sansome Street, Suite 900, San Francisco, CA 94111
Telephone: (415) 392-7900

**Attorneys (If Known)**

Robert A. Goodin, State Bar No. 061302
Wayne T. Lamprey, State Bar No. 095408
Francine T. Radford, State Bar No. 168269

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No

☒ **MONEY DEMANDED IN COMPLAINT:** $ Over $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332(d)(2)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

CV08-05121

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): CV08-04311 GHK

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Scientific Games Corporation -- DE and NY<br>Scientific Games Racing, LLC -- DE and GA<br>Scientific Games International -- DE and GA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date August 5, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |